The cause stood over to this term for advisement; and now the opinion of the Court was delivered by
Parker, J.
Whether the verdict, in this case, is right, depends upon the construction of the writing upon which the action is brought; which, by the plaintiff, is considered to be evidence of mutual and independent promises, and, by the defendants, to contain evidence of a promise on their part, dependent only Upon a due performance of the promise of the plaintiff to them.
The facts in evidence so clearly show a want of justice in the plaintiff’s demand, that his counsel has been necessarily driven to some technical rules for the support of the action. Johnson refused to let the defendants have what they had promised to pay him for, and yet insists upon the price.
But it is contended, — and it is expected to support the action upon this ground, — that where there are two promises, one appearing to be in consideration of the other, each party may enforce his promise against the other, whether his own promise has been performed or not; and authorities have been cited in support of this pqsition, which go far * to maintain it. The position, as laid down in the authorities, occurs principally on questions relating to covenants; but doubtless the same principles will apply to the construction of promises. It is, that in covenants which are independent, either party may enforce his remedy for a breach, whether his own covenant be performed or not; but that, in covenants which are dependent, an averment of performance, on the part of the plaintiff, is necessary in a declaration for a breach by his covenantor.
This principle is disputed nowhere; but, in the construction of covenants, there has been considerable difficulty, heretofore, in ascertaining whether they were dependent or independent.
In the case of Thorpe vs. Thorpe, cited at the bar from Salkeld, it is declared by Lord Holt, that “ where a certain day of payment is appointed, and is to happen subsequent to the performance of the thing to be done by the contract, performance is a condition precedent, and must be averred in an action for the money.” This doctrine is reasonable ; for it seems to be unjust that a man, who has bargained for a thing, shall be obliged to pay for it, when he may never get the thing which he pays for. “ Every man’s bargain,” says Lord Holt, “ ought to be performed as he intended it. When he *80 relies upon his remedy, it is but just he should be left to it according to his agreement; but., on the contrary, there is no reason a man should be forced to trust, where he never meant it; and therefore, if two men should agree, one that the other should have his horse, the other that he will pay ten pounds for him, no action lies for the money till the horse be delivered.”
Upon the principles of this case, there is no difficulty in deciding the nature of the promises now in question. The money stipulated by the defendants was to be paid on a day certain, and the thing to be done by the plaintiff was intended to have been done before that day arrived.
*The substance and effect of the plaintiff’s engagement is, that he will assign over his demand, whether existing in action, judgment, or execution, to the defendants. The action was pending at the time of the promise, and the judgment and execution were obtained several months before the day of payment stipulated by the defendants. Now, it could surely never have been contemplated by the parties to this contract, that, if it was in the power of the plaintiff to perform his promise before the day arrived for the payment of the sum, for which the promise was the consideration, he might neglect to do what he had engaged, and yet exact a performance of the other party; and this after a refusal of performance on his part, and after he had, by his own negligence, rendered himself unable, at any future time, to perform his promise.
There have been, however, many cases decided, which establish very strict principles in the construction of covenants, and, per haps, may be considered as applying to promises.
In one case, of modern date, it was decided that, if a man covenants to work upon a house, and the owner covenants to pay him by instalments, and that the last instalment shall be paid when the house is finished, the workman may recover the last instalment, whether the house shall be finished or not. (4) This seems to be turning a man’s contract into something totally different from his words and intentions in the contract; and yet, in the same book, it is said that the intent of the parties is to govern in the construction of the covenants. The principal reason given for this decision is, that some of the instalments were to be paid before the house was finished. .But, because a man had engaged to pay one certain sum of money before his house was finished, therefore he should be held to pay another sum, which he had not engaged to pay until his house should be finished, seems to be very *81 questionable as a logical, whatever it may be as a legal, conclusion.
* The cases of Goodisson vs. Nunn, (5) Campbell vs. Jones, cited in the argument, Glazebrook vs. Woodrow, (6) and Heard vs. Wadharn, (7) all show a disposition, on the part of the judges, to break through the bonds which some old cases had imposed upon them, and to adopt what Lord Kenyon, in one of the cases, calls the common sense doctrine, — that the true intent of the parties, as apparent in the instrument, should determine whether covenants or promises are independent or conditional, instead of any technical rules, of which the parties were totally ignorant, and the application of which would, in most cases, utterly defeat their intention.
Now, in the casé at bar, „the defendants promise the plaintiff that they will pay the amount, which he shall recover of Millet, by a certain day, putting the day off so far as to leave no doubt that judgment would be previously recovered ; and, in the same instrument, the plaintiff promises the defendants to let them have all the advantage of the demands that he is by law entitled to. What'is the meaning of this, but that the defendants are to have an assignment of the judgment and execution, if necessary, as soon as obtained ? Suppose the question had been put, at the time, by the defendants to the plaintiff: What if you, when you obtain your judgment, refuse to let us have .the execution, until the benefit of the attachment shall be lost? Would not the plaintiff’s answer have been, — Why, then, you will not be obliged to pay the con sideration ? This contract, then, if it is construed according to the true intent and meaning of it, as entertained by the parties, must be considered as containing promises by both parties, dependent upon each other; and it would be idle to' permit the plaintiff to recover in this action, when, at the time of the commencement of his suit, he had not only refused to perform his part of the engagement, but had disabled himself from performing it, by holding his execution against Millet until the attachment was lost, and so the judgment had probably become of no value.
* This decision is not opposed to the most approved of the old cases, and is conformable to the more liberal doctrine, maintained of late, relative to the construction of contracts.
In the case of Thorpe vs. Thorpe, it is stated that, “ in executory contracts, if the agreement be that one'shall do an act, and for the doing thereof the other shall pay, the doing of the act is a *82 condition precedent to the payment, and the party who is to pay shall not be compelled to part with his money until the thing be performed for which he is to pay.”
It is true that, in the promise declared on in the case under consideration, a certain day is appointed for the payment; and that the thing to be done by the plaintiff might, by possibility, not have been in his power to perform before the day of payment; it might have happened that the plaintiff’s judgment would not have been recovered until after the day of payment had arrived, (a) But it did, in fact, take place before, and it was contemplated by the parties that it would, and that seemed to be the basis of the defendant’s promise; and the plaintiff might, and ought to, have delivered, the execution, or tendered it without conditions, to entitle himself to this action.
There is a further ground, upon which we are clear that the plaintiff ought not to have a verdict, in the present action. All executory contracts may be rescinded by the parties to them, they continuing interested until the agreement to rescind be made. Now, this case shows acts and declarations by both parties, from which it was competent for the jury to decide that there was a mutual agreement to put an end to the contract; and those facts were submitted to the jury upon this very point.
The plaintiff, having obtained an execution against Millet, instead of passing it over to the defendants, according to his agreement, kept it in his own hands, endeavoring to use it for his own purposes, by offsetting it against an execution which Millet had against him. In so doing, he * had voluntarily broken his contract; and this being assented to by the defendants, in resisting the payment of the money, when it became due according to the terms of the contract, and on the very ground that the consideration had failed, it would be idle to suffer the plaintiff now to recover, when the very recovery would give the defendants a right of action against the plaintiff for the same sum, which should be recovered against them. In every view, therefore, we think the verdict right, and that a new trial ought not to be granted, (b)

Judgment according to the verdict.

 2 H. Black. 389, Terry & Al. vs. Duntze.

 4 D. & E. 761.

 8 D & E. 366.

 1 East’s Rep. 619.

 [Sergeant Williams, in a note to Pordage vs. Cole, (1 Saund. 329, a,) lays down this general rule, which is supported by many authorities, and impugned by none: “ If a day be appointed for payment of money, or part of it, or for doing any other act, and the day is to happen, or may happen, before the thing, which is the consideration of the money or other act, is to be performed, an action may be brought for the money or for not doing such other act before performance; for it appears that the party relied upon his remedy, and did not intend to make the performance a condition precedent.” —Ed.]

 [Vide Seymour vs. Bennett, 14 Mass. Rep. 266. — Newcomb vs. Brackett. 16 Mass. Rep. 161. Ed.]