### PORTER *v.* NOYES.

If there be a contract for the sale of lands, and the bargainor agree to " *make a warranty-deed, free and clear of all incumbrances,*" this agreement is not satisfied by the making of a deed with *covenants* of general warranty and freedom from incumbrances, unless the grantor had the absolute, entire and unincumbered estate in the land at the time of the conveyance.

And if the bargainee consent to accept a deed not knowing that the land is incumbered, he is not bound by such consent, but may afterwards refuse on discovering the incumbrance.

An inchoate right of dower is an existing incumbrance on land; and not a mere possibility or contingency.

This was an action of *assumpsit* for the non-performance of an agreement to purchase a farm of the plaintiff, lying in *Boxford* in the Commonwealth of *Massachusetts.*

At the trial, which was upon the general issue, the plaintiff relied for proof of the agreement, upon certain letters written to him by the defendant. From these it appeared that the treaty for the purchase commenced as early as *November* 1818, —that the defendant had offered 2200 dollars for the farm,— to pay 800 dollars on the first of *April* following, to clear off a mortgage outstanding, and to pay the residue in *May,*—that he should not want possession till the first of *April* following, about which time he supposed the deed would be ready for delivery, —that he wished the plaintiff to bring the deed in person, or send it to *Joseph Hovey's* or to another place,—and wished the house to be cleared by the first of *April ;*—adding, in his last letter, "If you accept of that offer, you shall make to me a warranty deed, free and clear of all incumbrances."

*Hovey* testified that the deed was sent to him *in April* bearing date *March* 29, 1819, and that the defendant, when notified of this fact, agreed to accept it, and made no objection on account of the lateness of the time.

The counsel for the defendant hereupon objected that it was incumbent on the plaintiff to have tendered or sent a deed to

one of the places designated, on or before the first of *April.* But the Judge who presided at the trial overruled this objection.

The counsel then urged,—1st. that the title was not in the plaintiff, but in *N. Coffin,* at the time when the conveyance was to be executed;—2. that if *Mr. Coffin* had conveyed his estate to the plaintiff, yet that *Mrs. Coffin* had an inchoate right of dower which was not released;—3. that one acre of the farm was sold *February* 13, 1818, to *Moses Bass* for non-payment of the United States' tax for 1816.

It appeared that *Coffin* originally bought the farm at a sale made by the administrator of the estate of *Moses Porter* deceased, *April* 26, 1815, and conveyed it to the plaintiff by his own deed dated *May* 3, 1815, and recorded *April* 15, 1819:— and that he exercised no acts of ownership over it after the date of his deed to the plaintiff, it being in the possession of the plaintiff's brother and tenant, who also was the administrator.

It also appeared that an acre of the land was sold for the direct tax, as alleged, and that the plaintiff redeemed it *October* 28, 1819.

Intending to reserve, for the consideration of the whole Court, the question whether these facts amounted to a sufficient defence, the Judge instructed the jury to return a verdict for the plaintiff; which was to be set aside, or stand, according to the opinion of the Court upon the whole case, reported by the Judge.

*Longfellow,* for the defendant.

1. The time fixed for performance, so far as it can be collected from the defendant's letters, was the first of *April,* at which time it was the duty of the plaintiff to have tendered the deed; —but failing to do this precedent duty on his part, the defendant is not liable. *Sugden's law of Vendors,* 205, 210, 265, 2 *Comyn on Contr.* 52, 53. 1 *Selw. N. P.* 160.

2. But before the defendant was compellable to take a deed, the plaintiff was bound to exhibit a good and indefeasable title to the land. It was of the essence of the contract that the plaintiff should *convey* such a title,—not that the defendant should receive a deed and resort to the remedy on his covenants, for this remedy might be fruitless. Yet here the only title

on record at the time of tender was the conveyance from *Moses Porter* to *Mr. Coffin*. *Long after this* the plaintiff register-ed his deed from *Coffin*, the existence of which the defendant had no means of proving, and did not even know;

3. Yet if the title on record had been in the plaintiff, the de-fendant would not have been bound to receive the deed, the land being under incumbrances. The right of dower in *Mrs. Coffin*, though not perfect, was yet an existing incumbrance, suf-ficient to justify the defendant in refusing to part with his money. And the same may be remarked of the sale of a part for non-payment of the direct tax. It constituted indeed but a small incumbrance, but the rule applies equally to all, the reason, in every case, being the same.

  *Whitman*, for the plaintiff.

The defendant's first position is sufficiently refuted by the evidence; for when the deed was offered to him in the latter part of *April*, he did not object that it was out of time;—on the contrary he agreed to accept it.

Nor was here any want of title in the plaintiff, since the deed from *Coffin* to him must have been on record at the time when the defendant saw and perused the deed offered by the plaintiff.

As to the right of dower in *Mrs. Coffin*, if the doctrine con-tended for by the defendant were good law, yet it is not appli-cable to this case;—1st. because when the deed was offered to the defendant he did not make this objection, but consented to accept it;—2d. because the plaintiff's brother and agent, who also was administrator, was constantly in actual possession of the land.

But the inchoate right of dower is a possibility of incum-brance too remote and uncertain to be regarded by the law;—because, 1st. the wife may not survive the husband,—2d. if she survive, she may never claim the land,—3d. the husband may make other provision for her by his will, which she may accept in lieu of dower.

As to the direct tax and the sale under it, this was not an *adverse title*, but only a *lien;* and whatever may be the law re-specting an adverse title to lands intended to be conveyed, yet no *lien* was ever considered as an obstacle to the conveyance,

or as forming any valid excuse to the party refusing to purchase. It was enough that the plaintiff offered to convey with warranty, since this was all he was bound to do. The defendant was bound to accept such conveyance, and take his remedy, if he was injured, on the covenants in his deed.

The cause being continued after this argument, which was had at *November* term last, the opinion of the Court was now delivered as follows, by

WESTON J. The terms of the agreement, for the non-performance of which this action is brought, are principally to be found in the letter of the defendant, bearing date the *twenty-seventh* of *January* 1819, which is referred to, and makes a part of this case. In that letter, the defendant proposes to pay eight hundred dollars by the *first* of *April* following, to pay off a mortgage, with which the premises were incumbered, and the residue of the purchase money, the amount of which is to be ascertained by a reference to other written evidence in the case, was to be paid in the succeeding month of *May*. And he adds, " if you accept of the offer, you shall make me a warranty " deed, free and clear of all incumbrances." In another part of the letter he states, " I shall want to move there by the *first* " of *April*, and if I have the farm, I shall expect you to clear " the house at that time ; if you do accept the offer which I " make you now."

The terms proposed in this letter were accepted by the plaintiff.

It cannot be understood to have been the true intent and meaning of the parties, that on the one hand, the defendant was to pay the eight hundred dollars, and to extinguish the mortgage, without receiving his deed, relying upon the agreement only of the plaintiff to execute it; or that, on the other, the plaintiff could be holden to make and deliver the deed and to part with the land, upon the personal security of the defendant for the payment of the eight hundred dollars, and the extinguishment of the mortgage. The respective stipulations of the parties, except the payment of the residue of the purchase money in *May*, must then be deemed to have been dependant or concurrent. *Thorpe v. Thorpe,* 1 *Salk.* 171. *Goodison v. Nunn,* 4 *D. & E.* 761. *Glazebrook v. Woodrow,*

8 *D. & E.* 366. *Johnson v. Reed,* 9 *Mass.* 78. In order to entitle himself to this action, it was therefore incumbent upon the plaintiff to aver and to prove a performance, or an offer to perform the conditions on his part. This it is insisted he has not done; and various objections are, upon this ground, urged against his recovery in this action. From the view we have taken of the case, it has become unnecessary to notice them all.

One of the conditions imposed is, that the plaintiff should convey by deed of warranty, free of incumbrances. It may be urged that this condition is satisfied by a covenant in the deed, that the premises were so; but we are of opinion that, upon a fair construction of the terms used, the defendant prescribed it as a condition, that they should be in fact free from incumbrances. At the time that the plaintiff tendered his deed, it appears in the case, that the wife of *Nathaniel Coffin* had an inchoate right of dower in the premises. If this was to be deemed an existing incumbrance, the plaintiff is not entitled to claim damages of the defendant, for the non-performance of the agreement on his part. And we are of opinion that it must be so considered.

In the case of *Jones v. Gardner,* 10 *Johns.* 266. which was upon an agreement for the sale of real estate, the plaintiff, upon certain specified conditions, was to give to the defendant " a good and sufficient deed in law to vest him with the title of " the said farm of land, with the appurtenances." The defendant, not having fulfilled the stipulations on his part, was called upon to answer in damages for the non-performance. The plaintiff had executed and tendered a deed to the defendant, but his wife had not therein released her dower; and this was deemed a sufficient objection to his recovery in that action. The *title,* say the Court in their opinion, which the plaintiff had stipulated should *vest* by his deed in the defendant, " meant the " legal estate in fee, free and clear of all valid claims, liens, " and incumbrances whatsoever. It is the ownership of land, " the *dominium directum et absolutum,* without any rightful par- " ticipation by any other person in any part of it. If the plain- " tiff 's wife had a contingent life estate in one third part of the " farm, the defendant had not a clear and absolute title. If " this claim of dower was not inconsistent with the title to be

" vested in the defendant, it would be difficult to maintain that
" any other life estate in the same in reversion or remainder, or
" any judgment or other lien thereon would be incompatible
" with it; and the title might thus be embarrassed and weak-
" ened, until it had lost all its value and strength."

This respectable authority goes the full length to establish
the position, that an inchoate right of dower is an existing in-
cumbrance; and not a mere possibility or contingency, which
is to be deemed an incumbrance only when it becomes consum-
mate.

It is however insisted by the plaintiff's counsel, that as it ap-
pears from the deposition of *Joseph Hovey*, which is referred to
in the case reserved, that the defendant in the month of *April*
1819, agreed to accept the deed made by the plaintiff, and
made no objection on the ground of incumbrances, he must be
considered as having waived all objections of this sort. But it
does not appear that he then had any knowledge of the exist-
ence of an inchoate right of dower on the part of *Mrs. Coffin.*
He might not know that *Coffin* had a wife living ; and if he did
he might believe that *Mrs. Coffin* had released her right of
dower in the deed from her husband to the plaintiff; it not ap-
pearing that he had any means of ascertaining the contents of
this deed until after the fifteenth of the same month of *April*,
when it was first received for registry. Certainly nothing short
of the most express waiver, with a full knowledge of the ex-
istence of the incumbrance, could remove this objection; and
it may be doubted whether even this, if done by parol, could
have that effect; inasmuch as by the statute of frauds, the
agreement for the sale of real estate, by the party to be charg-
ed, must be in writing. To suffer therefore the terms and legal
effect, of a written agreement of this sort, to be changed or
modified by any subsequent parol agreement between the par-
ties, might be deemed a violation of the salutary provisions of
that statute.

Being satisfied that the plaintiff stipulated to convey, *free of*
*incumbrances*, and this stipulation not having been complied
with, by reason of the inchoate right of dower on the part of
*Mrs. Coffin*, the non-performance of the agreement on the part
of the defendant, in the opinion of the Court, was thereby ex-

cused. It results therefore, that the verdict, which has been returned in favour of the plaintiff, must be set aside, and a new trial granted.