### IN THE

# SUPREME COURT OF JUDICATURE

#### OF THE

## STATE OF NEW–YORK,

### In July Term, in the sixty-fifth year of the Independence of the United States.

---

GROUSSET *vs.* THE SEA INSURANCE COMPANY.

A *policy of insurance* upon the body, tackle, &c. of a vessel, *at and from New-Orleans, Campeachy,* and *Havana, for the period of six calendar months* from a certain day, is a *policy on time,* and *does not limit* the navigation of the vessel to voyages between the places specified in the policy; provided the vessel take her departure from either of them, let her port of destination be where it may, she is under the protection of the policy for the whole period of the specified time.

ERROR from the superior court of the city of New-York. This was an action on a marine policy of insurance effected in the city of New-York on the 12th September, 1835, upon the body, tackle, apparel and other furniture of the schooner HERO, *at and from New-Orleans, Campeachy and Havana, for the period of six calendar months from the 12th September,* 1835 ; beginning the adventure upon the said vessel, tackle, apparel, &c. at *as* aforesaid, and so shall continue and endure until the said vessel be safely arrived at *as* aforesaid. (The policy was created by filling up a *printed* blank form ; the word *beginning* and the 28 succeeding *words were all [ \*210 ] parts of the *printed* form, except the word *as* twice occurring, which was *written* in blanks manifestly left for the designation of the ports of *departure* and *destination.*) The sum underwritten was $5000 ; the premium $300. On the 18th September, 1835, the schooner was undergoing repairs at New-Orleans. On or about the *second* day of *October,* she sailed from *New-Orleans* with a cargo bound for *Campeachy,* where she arrived on

or about the *ninth* day of October, whence she sailed on the *sixteenth* of the same month, and arrived in the *Havana* on or about the thirteenth day of *November*. On the second day of *December* she sailed from *Havana* with a cargo bound for *New-York*. On her passage, she encountered a violent storm and sustained serious injuries, so as to be obliged to put in at *Charleston*, where she was repaired. The average of the expense of repairs chargeable to the underwriters upon the vessel was $1885,06. The presiding judge charged the jury, that to him it seemed the intention of the parties was to insure the vessel *in a specific trade or navigation* for a limited time ; that though the policy partook of the character of what is called a time policy, yet the insurance was at and from *New-Orleans*, *Campeachy* and *Havana* for the period of time mentioned in the policy ; that these ports or places must have been specially named to indicate the voyages in the contemplation of the parties ; that the words *at and from* applied equally to each of the ports or places named, and that the word *to* after the word *New-Orleans* and before the word *Campeachy*, and between that word and *Havana*, was necessarily implied from the form and terms of the description, and if necessary to complete the sense, ought to be supplied or understood ; that if the six months were not expired on the arrival of the vessel at *Havana*, she might proceed to *New-Orleans* and continue her voyages between the places named in the policy until the expiration of the six months ; but that the disaster and damages having been encountered in a voyage entirely out of the rout of the voyages and navigation prescribed by the policy, the defendants were not liable to contribute towards the expenses incurred in the repair of the vessel. *The counsel for the plaintiff excepted to the charge. The jury found a verdict for the *defendants*, upon which judgment was entered. The plaintiff sued out a writ of error.

*F. B. Cutting*, for the plaintiff in error.

*A. G. Rogers*, for the defendant in error.

By the Court, NELSON, Ch. J. The questions presented by this case are, whether the policy is to be regarded as limiting the *risk* by the particular time fixed therein, making it what is called a *time policy*, or by a *specific voyage, or course of trade*, for a limited time. The latter view was taken by the court below.

The counsel for the defendants contends, that the insurance was for a voyage or voyages at and from New Orleans to Campeachy and Havana, and until the vessel arrived back at these several places, provided the six months had not expired. The court below were of opinion the trade might continue to and from the specified ports, until the expiration of the time.

The whole case turns upon the true meaning of the clause " *at and from New-Orleans, Campeachy and Havana,*" in the connection used : if it limits the risk to a specific trade to and from these ports, exclusively, then the judgment is correct ; but if intended merely to designate the place or places from which the vessel was expected to start on her voyage, then it cannot be upheld, as the risk would not terminate till the end of the six months, within which the loss happened.

The intent to insure the vessel for six months from the 12th September, on a trading voyage or voyages, is clear, and should prevail, unless the company have, with reasonable certainty, attached a condition thereto which has not been observed.

It is admitted that the language of the policy " *at and from New-Orleans, Campeachy and Havana, for the period of six months,*" does not, in terms, import a voyage to and from these places, and, therefore, we are asked to interpolate *the word " to," on which to predicate the    [ *212 ] condition. If, as is supposed, the trade must be confined to these places, being the only ports mentioned in the policy—must be " at and from" them exclusively, during the six months, the word is necessarily implied, as the vessel must pass from one *to* the other in her circuit ; but the argument obviously assumes the whole point in controversy. It is denied that such is the fair and legal import of the instrument, and it is contended to be simply a policy on time, the trade commencing on a particular day, " at and from" either of these ports, and thence without restriction for the six months.

Usually, when the insurance is upon a particular voyage or voyages, there is no reference to time when the risk commences or terminates. The place or places from and to which the vessel is bound, are the *termini,* and are designated in the policy. When the insurance is for a term of time, the *termini* of the risk are the day and hour specified when the insurance commences and terminates, and the statement of the *place* of either is not common. In *Manly* v. *United M. & F. Ins. Co.,* 9 *Mass. R.* 82, the policy was on a vessel " *for one year, commencing the risk at B. on the 7th December*"—but in point of fact, she had left that place on the 6th, and was some 50 miles distant on the 7th. The loss happened within the year, and the plaintiffs recovered : the court holding the risk determined by time, and the place of commencement upon fair construction not material.

In *Martin* v. *Fishing Ins. Co.* 20 *Pick.* 309, the terms were " at and from Calais, Maine, on the 16th day of July, at noon, &c. for six months." There was no evidence that the vessel was at or prosecuting her voyage from Calais on the day named, yet it was held the policy attached, as it was the clear intent of the parties to insure on time, without regard to the place. The particular point decided in these cases is not material here, as the ves-

sel sailed on her voyage after the time and from the place mentioned ; but the rule of construction established on these time policies, where the place is designated " at and from" which, the vessel is to start on her voyage, is material. The time may control, if from the whole case such appears to have been *the intent of the parties. It is 'observable also, that the language used in designating the place in the last case is the same, word for word, as found here in respect to the three places named, and is the appropriate language in these instruments for designating the place of commencement of the voyage. A strong illustration to this effect may be seen in *Sellar* v. *McVicar*, 1 *N. R.* 23. The words there were, " *at and from Demarara, Berbice, and the W. and L. Islands to London.*" The ship being at Demarara, the master entered into an agreement with a house for freight from *Berbice* to *London*, and at the same time agreed to take a cargo at Demarara to be delivered at Berbice, the whole being one entire agreement. The ship took in the cargo and broke ground, for the purpose of proceeding to Berbice, and after she had so broken ground, and while continuing at Demarara, was lost. The court held, that the voyage insured was from Demarara to London, or from Berbice to London, or from any of the W. and L. Islands, according to the place from which the ship might happen to sail on her voyage to London. See also *Leathly* v. *Hunter*, 7 *Bing.* 517, and 1 *Phillips on Ins.* 437, 442, *ed. of* 1840. Now, construing the terms of the policy before us as they are generally understood, and as construed in the case of *Sellar* v. *McVicar*, and there is no difficulty in giving full effect to every part of the instrument. The place or places which the vessel was expected to start on her voyages are given ; the *terminus ad quem* is not, nor was this material to the risk, as that was limited by the term of time. It was, doubtless for this reason, omitted.

It is true, that in *Sellar* v. *McVicar* the court restricted the voyage to the commencement at one of the places mentioned ; but that was a policy for a particular voyage, the *termini* being given. Here the port of destination or discharge is left open, the assured at liberty to make any voyage or voyages he thought preper, within the running of the policy, and therefore the reason for such restriction has no application. He may sail in the course of his contemplated trade from one or all of them within that period, without departing from the terms of his policy or enhancing the risk assumed. The *several ports " at and from" which, the vessel might sail, were probably mentioned because the assured was not certain at which she might be at the date of the policy. They were mentioned from abundant caution.

But it appears to me that the above conclusion is also best supported, even upon the ground of construction insisted on by the company. Were we to interpolate the word *to*, and regard the policy as fixing the trade from New-

Orleans *to* Campeachy and Havana, did the risk terminate on the arrival of the vessel at the latter port within the six months? That is not pretended by any one. It is said, however, that the *iter* is confined to these ports, and therefore the vessel must return to New-Orleans. But " at and from" Havana, the port last mentioned, does not necessarily imply this direction. Even assuming the track was intended to be described, the description ends here : and yet an *iter* beyond is obviously contemplated. The interpolation of the word *to* will not help out the difficulty ; a port of destination must also be added before the vessel can be made to return to New-Oorleans. This appears to me an unnecessarily forced construction ; a much more natural one is, that after the arrival of the vessel at Havana the *iter* is left open, the risk afterwards depending solely upon the limitation of time. *That* not having expired, the master was justified in sailing with his cargo for New-York.

The view thus taken is not weakened by the subsequent clause referred to, namely : Beginning the adventure upon the vessel, &c. at as aforesaid, and so shall continue and endure until she shall safely arrive *at as aforesaid*. The form of the policy used is the common one in case of insurance for a *particular voyage* where the *termini* are given. This, together with several other provisions, have no consistent or possible application to the case of an insurance on time, or where that enters into the description of the risk.

In any view that I have been able to take of this case, it seems to me the plaintiff below was entitled to recover, and that therefore the judgment should be reversed.

Judgment reversed.