[No. 1131.]

## N. SODERBERG, APPELLANT, *v.* L. L. CROCKETT ET AL., RESPONDENTS.

CONDITION PRECEDENT—MUST BE COMPLIED WITH.—When a suit is dismissed and a sum of money deposited for safe keeping to be delivered to the plaintiffs upon the execution of and delivery by them of a quit claim deed to certain mining property: *Held*, upon a review of facts stated in the opinion, that the execution and delivery of the deed was a condition precedent to plaintiff's right to recover the money so deposited.

IDEM.—A precedent condition must happen, or be performed, before the estate, right or interest to which it is annexed can rest or take effect.

IDEM—TIME OF PERFORMANCE.—When no time is fixed within which a condition shall be performed it must be performed within a reasonable time.

APPEAL from the District Court of the Second Judicial District, Ormsby County.

The facts are stated in the opinion.

*N. Soderberg, in propria persona,* for Appellant:

I. The action is for the wrongful conversion by the Manhattan company of an eight thousand dollar check, two thousand dollars whereof was plaintiff's money.   Plaintiff's title and

notice to defendant are undisputed. Also, the contract under which the check was deposited with the treasurer. Also, the refusal of the company to rescind the contract or give up the considerations which it received for entering into the stipulation under which the check was deposited. It is also admitted that the company received all the contract called for, and that it converted the money without the participation of defendants Engstrom or Norton. Under these circumstances the company alone is liable and Engstrom and Norton are not necessary parties. (*Colman* v. *Clements*, 23 Cal. 249; *Waring* v. *Crow*, 11 Cal. 371; 1 Stor. Eq. Pl. sec. 207; *McPherson* v. *Parker*, 30 Cal. 456.)

II. The release is void for want of consideration; was no part of the settlement, but subsequent thereto, and was not made for the benefit of the company or at its request. It never became operative. It was only conditionally delivered to Schooling, to be delivered upon the happening of an event which never transpired or can take place. It was never delivered to or accepted by Engstrom or any one acting for him. (*Dyson* v. *Bradshaw*, 23 Cal. 528.)

III. Plaintiff, if not strictly the owner of the money, had a lien on the eight thousand dollar check to the amount of two thousand two hundred and fifty dollars. (*Dowell* v. *Cardwell*, 4 Saw. 217; Story on Agency, secs. 372, 476; *Murray* v. *Gibson*, 15 How. 421; *Wright* v. *Ellison*, 2 Wall. 22; *Trist* v. *Child*, 21 Wall. 447.)

IV. The defendant waived and abandoned the entirety of the contract, if it was entire, elected to stand by its terms, and therefore cannot now repudiate the same. (Story on Cont. secs. 34, 35, notes 1, 2; *Cole* v. *Swanston*, 1 Cal. 53.)

V. Defendant, by buying the whole of the Dacota and Bolger mines, performed before this suit for Engstrom what he had agreed to do, and made it impossible for him to perform. They obtained all his property for two thousand dollars, and now insist that they have a right to the eight thousand dollars because he did not quit claim to them one thousand one hundred and fifty feet. This is both unconscionable and illegal.

VI. If Engstrom and Norton had been necessary parties, they should have been brought in. The court was not justi-

fied in defeating plaintiff because they had not been served. The answer raised no issue in which they were interested. Defendant waived their presence by proceeding to trial in their absence. (1 Comp. L. 1080, 1077; *Robinson* v. *Gleason*, 53 Cal 38; *Gillam* v. *Sigman*, 29 Cal. 638; *Settembre* v. *Putnam*, 30 Cal. 490; *Grain* v. *Aldrich*, 38 Cal. 514.)

*Garber, Thornton & Bishop* and *Crittenden Thornton*, for Respondents:

I. The complaint does not state facts sufficient to constitute a cause of action.

1. No consideration is stated for Engstrom's promise. The allegation "for a valuable consideration" is insufficient. (1 Chitty's Plead. 293; *Lansing* v. *McKillip*, 3 Caines 287; *Burnett* v. *Bisco*, 4 Johns. 236; *Bailey* v. *Freeman*, 4 Johns. 282; *Moore* v. *Waddle*, 34 Cal. 147; *Marshall* v. *Aiken*, 25 Vt. 328; *Kean* v. *Mitchell*, 13 Mich. 207; *Douglass* v. *Davie*, 2 McCord, 219; *Perkins* v. *Parker*, 1 Mass. 117; *Beauchamp* v. *Bosworth*, 3 Bibb. 115; *Case of the Marshalsea*, 10 Coke 77; *Bruck* v. *Tucker*, 42 Cal. 354.)

2. The allegation of performance by plaintiff is insufficient. (*Young* v. *Wright*, 52 Cal. 410; *Judah* v. *Fredericks*, 57 Cal. 391.)

II. The action is not for a wrongful conversion of the eight thousand dollar check by the Manhattan company. If it were, the appellant's position would be worse than it is now, if that were possible. The action of trover depends upon legal title, in the strictest sense. The appellant is neither payee nor indorsee nor assignee of the check. He cannot make title to it in any manner in which the right of property in commercial paper can be transferred. The cases cited under this point of the appellant have not the slightest application to the case at bar.

III. The contract of settlement was entire, and the defendants, the Manhattan company, has not waived its entirety. As we said before, the record does not show what nature of action Engstrom's suit against the Manhattan company was. It might have been slander, or trespass, or malicious prosecution. How can this court tell how much of the eleven thou-

sand dollars was for the compromise of the original action, and how much for the conveyance of Dakota and Bolger claims? Where is there any evidence or finding of any waiver of the entirety of the contract by the Manhattan company? or any election to do, or to have, or to take anything thereunder? If three thousand dollars was the sum for which the original case was compromised, and eight thousand dollars was given by the Manhattan company for another and different piece of property from that involved in the suit, what right has the plaintiff herein to any portion of the purchase· price of that property? None on earth.

IV. Engstrom and Norton were necessary parties. The non-service of process upon them was laches, unpardonable and not to be tolerated. (*Dupuy* v. *Shear*, 29 Cal. 241; *Grigsby* v. *Napa Co.*, 36 Cal. 585; *Reynolds* v. *Page*, 35 Cal. 296; *Carpentier* v. *Minturn*, 39 Cal. 451.)

*N. Soderberg*, for Appellant, in reply:

I. The complaint is sufficient. The case was tried in the lower court on the theory that my contract with Engstrom (which was under seal) was well pleaded and valid, the court finding full performance by plaintiff. If performance on my part was a condition precedent, it is sufficiently pleaded. (1 Comp. L., 1123.) It was not necessary to allege any consideration for the contract. (*Richardson* v. *Mead*, 27 Barb. 178.) The assignment would be valid as a gift from E. The defendant could not avail itself of the pretended want of consideration for the contract, not having specially pleaded such defense. (1 Van Santvoord's Plead., 465, 468.)

II. The company is estopped from claiming a forfeiture of the money by reason of the failure of E. and N. to quit claim the 1150 feet of ground. They affirmed the validity of the settlement by refusing to reopen the case. They waived performance by their conduct. When performance is impracticable such fact may be shown under an excuse for non-performance. (24 Barb. 174, 666.) If performance has been prevented or interrupted by act of the adverse party, or where a waiver thereof may be inferred, an averment of facts constituting the excuse is sufficient. (27 Barb. 73; 34 Ind. 378.)

In such case performance need not be alleged. (1 Kern, 33; 26 How. Pr. 97.) No one can take advantage of a condition who has himself prevented or dispensed with its performance. (Bacon's Ab. Tit. Conditions, O. 2; *Williams* v. *Bank of U. S.* 2 Pet. 102; *Marshall* v. *Craig*, 1 Bibb. 380; *Majors* v. *Hickman*, 2 Bibb. 217.) When the grantor prevents the performance of the condition by his own act, or performs the condition himself, there can be no forfeiture, and the estate becomes absolute in the grantee. (4 Kent Com. 130; Coke upon Littleton, 2066; 2 Black. Com. 156, 157; Shep. Touchstone, 146; *U. S.* v. *Arredondo*, 6 Pet. 746; *Whitney* v. *Spencer*, 4 Cow. 39; 2 Wash. on Real Prop. 7.)

By the Court, HAWLEY, C. J.:

Appellant, by virtue of certain written agreements between Frank G. Engstrom and himself, became entitled to receive one-fourth of the proceeds that might be realized out of an action, to be commenced by Engstrom against the Manhattan Silver Mining Company, "whether derived from an amicable settlement or otherwise."

The action was commenced in February, 1876; was thereafter transferred to the United States circuit court, and was there, on the fifth of February, 1877, "by the authority of said Engstrom, and the consent of said mining company, finally settled, adjusted and dismissed."

It appears from the stipulation, findings and judgment that by the terms of said settlement the Manhattan company agreed to pay to the agents of Engstrom the sum of eleven thousand dollars; that three thousand dollars was paid in cash, and a check, draft or certificate of deposit upon the Anglo-California bank of San Francisco, payable to the joint order of said Engstrom and one D. E. Norton, was deposited with the state treasurer of Nevada, to be by him collected, converted into money or delivered to said Engstrom upon the execution and delivery of a quit claim deed, as hereinafter stated; that as a condition precedent to said Engstrom and Norton, or either of them, or appellant, "acquiring any right in or to said eight thousand dollars, it was further agreed by and between said Engstrom and said Manhattan Silver Mining Company

that said Engstrom and said Norton should, within a reasonable time, convey to said Manhattan Mining Company, by quit-claim deed, a certain portion, to wit: Eleven hundred and fifty (1,150) feet of the Dacota and Bolger mining claims, in Lander county, Nevada, and that said mining company should, in like manner, convey by quit-claim deed to said Engstrom and Norton a certain portion of the said Dacota mining claim, to wit: Three thousand four hundred and fifty feet thereof; that said Engstrom, Norton and said mining company, respectively, failed to comply with the terms of said settlement in this respect; that afterwards the said mining company, at an expense of about two thousand (\$2,000) dollars, became the owner, by purchase at sheriff's sales, under writs of execution against said Engstrom, of the whole of said Dacota and Bolger claims, and said Manhattan company now claims to be the owner of said Dacota and Bolger claims in its own right;" that said Engstrom, on the fifth of November, 1877, moved the circuit court to vacate the order and judgment of dismissal in said action; that said motion was resisted by the Manhattan company and denied by the court; that on the fifteenth of November, 1879, the state treasurer surrendered and delivered up the check, draft or certificate of deposit hereinbefore mentioned, to the Manhattan Silver Mining Company, having notice of appellant's claim; that said company now claims to be the owner and holder of said check.

This action was commenced by appellant to recover from the Manhattan Silver Mining Company the sum of two thousand two hundred and fifty dollars, claimed to be due him by reason of the transactions above stated.

Engstrom, Norton and state treasurer Crockett were made parties defendant, and judgment prayed for against all of the defendants.

Engstrom and Norton were not served with process. No objection was presented by the Manhattan company or the court to plaintiff's recovery on the ground of his failure to serve Engstrom and Norton until after all the testimony had been introduced, and then only by way of argument on defendant's part against plaintiff's right to recover.

Upon the trial appellant disclaimed any right to recover judgment against the state treasurer.

The district court came to the conclusion that Norton and Engstrom were indispensable parties to this action, and that the plaintiff was guilty of laches in not bringing them into court, and " that neither said Engstrom and Norton, or either of them, nor said plaintiff, ever acquired any right or interest in or to said eight thousand dollars, or any part thereof."

Judgment was rendered in favor of defendants.

We shall not discuss the question whether or not the laches of appellant in failing to serve Engstrom and Norton with process would justify the court in rendering judgment against him. We also leave out of the case the question of the effect of the release executed by appellant to Engstrom. In our opinion the other ground is absolutely conclusive of the case.

By the express terms of the stipulation upon which the judgment of dismissal was entered in the suit of *Engstrom* v. *Manhattan S. M. Company*, the check of eight thousand dollars was " deposited for safe keeping in the vault and safe of the treasurer of the state of Nevada, to be by him delivered to the said D. E. Norton and Frank G. Engstrom, upon the execution and delivery by them of a quit claim deed to * * * the Manhattan Silver Mining Company " for that portion of the mining claims heretofore mentioned.

The execution and delivery of this deed was a condition precedent to their right to the check or money.

"A precedent condition must happen or be performed before the estate, right or interest to which it is annexed can vest or take effect."

Where no time is fixed within which a condition shall be performed, the rule is that it must be performed within a reasonable time.

Where the condition is precedent it must, as a general rule, " be strictly performed in every particular in order to entitle the party, whose duty it is to perform it, to enforce the contract against the other party." (1 Story on Cont., secs. 47, 691; *Dana* v. *King*, 2 Pick. 155; *Hunt* v. *Livermore*, 5 Pick. 395; *Johnson* v. *Reed*, 9 Mass. 78.)

" In the case of a condition precedent—that is, where an act to be performed by the plaintiff before the accruing of the defendant's liability under his contract—the plaintiff must

aver in his declaration, and prove either his performance of such condition precedent, or an offer to perform it, which the defendant rejected, or he may aver his readiness to fulfill the condition until the defendant discharged him from so doing, or prevented the execution of the matter which was to be performed by him. (2 Chitty on Cont., 1083; *Majors* v. *Hickman,* 2 Bibb. 218; *Livesey* v. *Omaha Hotel,* 5 Neb. 50.)

In an action for the breach of a contract containing mutual conditions, performance or readiness to perform must be averred by the plaintiff. (*Darland* v. *Greenwood,* 1 McCrary 337; *Nelson* v. *Plimpton F. E. Co.,* 55 N. Y. 484.)

Appellant has not brought himself, either by his pleading or proofs, within any of the exceptions to the general rule, as above stated. He has not shown that the Manhattan company, by any of its acts, prevented Engstrom or Norton from complying with the conditions expressed in the stipulation and judgment in the suit of *Engstrom* v. *Manhattan S. M. Company.* He has not offered any valid excuse for the non-performance of these conditions. The Manhattan company did not waive any of its legal rights by refusing to reopen the case. If it had gained any legal advantage by the laches of Engstrom and Norton, it was entitled to reap the benefits accruing therefrom. The mere fact that it bought the property at sheriff's sale—no fraud or collusion being alleged—constitutes no breach of any duty it owed to Engstrom or Norton. It was not bound to sit idly by and see the property bought in by others. It had the right to protect itself and to take advantage of the conditions and circumstances surrounding the property. Even after the sale Engstrom and Norton could, at any time before the time of redemption expired, have tendered their quit-claim deed and demanded the check or money. They deliberately allowed the property to be sold and made no offer, within a reasonable time, to convey their interest therein to the Manhattan Silver Mining Company. By their own negligence they deprived themselves of all their right, title and interest in or to the check or money.

Appellant has no rights in the premises except such as are derived by virtue of his agreement with Engstrom. As Engstrom could not recover upon the facts, as plead and proven in

this case, it follows that appellant has no standing in court.

The court did not err in refusing to " allow plaintiff to show that the settlement was highly favorable to the Manhattan company." This was immaterial. If the acts covenanted to be performed by Engstrom and Norton had been performed, the Manhattan company could not have prevented a recovery by showing that the settlement was unfavorable to it. The respective parties would be bound by the terms of the settlement, whether favorable or unfavorable to them.

The judgment of the district court is affirmed.