## Pharr & Beck v. Bachelor.

1. The first count set out a parol contract and breach, and concluded as in *case;* the second count was in assumpsit; *Held*, on demurrer for a mis-joinder of counts, that the conclusion of the first count might be rejected as surplusage.
2. Where a party offers no evidence upon a trial before the jury, as a matter of right he may demur to the evidence of his adversary; especially if it is not "loose, indefinite and circumstantial."
3. A demurrer to evidence is sufficient, if after setting out the evidence, it admit every word, figure and statement, and "every conclusion that may be reasonably drawn therefrom to be true," and refers in usual form the questions of law to the court; unless from the peculiarity of the case a demurrer in such form is not adapted to it.
4. In an action upon a verbal contract, *time*, in general, forms no material part of the issue; therefore one time may be assigned to a given fact and another proved. But to tolerate this latitude in pleading, *time* should be laid under a *videlicit*, and should not be intrinsically impossible, or inconsistent with the fact to which it relates.
5. A charge of a Judge which refers to the jury, the decision of a question of law, is erroneous.
6. In pleading, the legal effect and identity of the contract should be stated, and any variance in this respect, relating to the promise or undertaking, upon which the action is founded, or the consideration thereof, will be fatal.
7. Impertinent matter, foreign to the cause, need not be proved; but *Semble*, an immaterial averment must be proved, where the subject of it is a record, a written instrument, or perhaps an express contract, otherwise, there might be a variance between the pleading and the proof.
8. A contract cannot be rescinded *in toto*, by one of the parties, where both parties cannot be placed *in statu quo;* but a contract will be considered as rescinded, where the party who is to perform an act, has made his performance impracticable, or where he is prevented from doing the act by the other party.
9. Where the declaration alleges, that the plaintiff was prevented from performing his part of the agreement, either by the refusal of the defendant to permit him, or by some act or omission on his part, such an allegation is not sustained by proof, that the contract was rescinded by mutual consent, and the defendent agreed to pay the plaintiff for his services, &c.; but the modified contract should be declared on.
10. A party who has paid money, or delivered goods, upon a contract that is rescinded, may recover the money in action, for money had and received, may maintain *trover* for his goods, or wave the tort, and bring an action for goods sold and delivered.
11. The mere fact, that certain persons valued property, the subject of the contract, will not make their *written* valuation, evidence, unless it was authorised to be made, or assented to, by the parties.
12. An affidavit of the non-residence, &c. of a witness was made five months before a commission issued to take his deposition: *Held*, that his continued nonresidence would be presumed, and the affidavit was sufficient.

Writ of error to the Circuit Court of Talladega.

THE defendant in error brought an action of *assumpsit* against the plaintiffs, and set forth his cause of action in two distinct counts. In the first count, he alleges circumstantially a parol contract entered into between the defendants and himself, by which he undertook, on the 19th July, 1837, to keep a boarding house for them at the Sulphur Springs, in the county of Talladega; and also, to sell them furniture, wines, &c.; in consideration of which, they agreed to pay the sum of three thousand five hundred dollars, and the value of his furniture, wines, &c. to be ascertained by two disinterested men, to be selected, &c. It is further alleged, that the plaintiff, in compliance with his contract, entered upon the service stipulated, and that he delivered furniture, wines, &c. to the defendants, until they refused to receive more. The plaintiff further avers a readiness, willingness, and actual performance of his undertaking and agreement, so far as the defendants would allow; a non-performance by the defendants, and an order from them to him to leave their service, &c. The first count concludes with the allegation that the defendants " wilfully, fraudulently and tortiously failed," &c.

The second count is for goods, &c. sold, for work and labor done, for money lent, &c. for money paid, &c. for money had and received, &c. and an account stated.

A general demurrer was filed to the declaration, which being overruled, the defendants pleaded, 1. *Non assumpsit.* 2. Set off. 3. Payment. 4. Failure of consideration; and 5. A failure by the plaintiff to perform his part of the contract.— On each of these pleas, there was an issue of fact; and thereupon the cause was submitted to the jury.

The defendants demurred to the evidence, which is drawn out at length, and accompanies the demurrer. The demurrer is as follows: "The said defendants come and say, that admitting every word, figure and statement in the above annexed *memorandum*, of the testimony in this case, to be facts, and to be true, and admitting every conclusion that may be reasonably drawn therefrom, to be true," &c. and concludes by referring in usual form, the questions of law to the Court. The Court admitted that the testimony annexed to the demurrer, was correctly set forth, yet as the parties had not agreed upon a statement of facts, and as the plaintiff had refused to join in

demurrer, the Court would not compel him to do so; and further, that the demurrer was only an admission of the truth of what the witnesses swore, and not an admission of the truth of the facts, which the evidence, both positive and circumstantial, tended to prove." To the decision of the Court, the defendants excepted, &c.

The cause was then argued to the jury, and the Court, among other things, charged them, that it was not necessary to show, that the contract alleged in the first count, was made on the 17th July, 1837. "If a recovery by the plaintiff on the first count in his declaration, would be a bar to a second suit for the same cause, then the special contract on which that count is founded, is substantially proved." That the plaintiff need not show that the times of payment for the furniture, wines, &c. were those alleged. But the contract must be proved substantially as stated, yet it was not necessary to adduce proof touching a stipulation of the agreement, of which no breach was alleged.

*Further:* That the contract could only be cancelled by the assent of both parties, and that a re-delivery of the furniture, &c. was necessary to the cancellation of the contract; but if it was cancelled as to the furniture, &c. and the defendants retain it, the jury should take it into the account, and find its value.

The Court refused to charge, that if the contract was cancelled before suit brought, and defendants had agreed to pay the plaintiff for his services, furniture, &c. there could be no recovery on the breach, as alleged in the first count—and that under the evidence before them, the plaintiff was not entitled to a verdict on the second count.

Many other charges were given and refused, which as they are not stated in the opinion of the Court, it is unnecessary here to notice. The evidence set out in the record shows, that none of the points noticed, as having been decided by the Court, were impertinent or abstract.

A second bill of exceptions was sealed at the time, from which it appears that one Burton, as the agent of the defendants, appointed persons at Wetumpka, to value the furniture, wines, &c. and that the persons so appointed, made a schedule and valuation in writing; that the property, or a portion of it,

was sent to the defendants at the Springs, and the defendants afterwards, ratified his acts, and thanked him for his services. The plaintiff's counsel then asked Burton the value of the property sent; to which question the defendants objected. 1. Because the persons valuing the property, were the best witnesses. 2. Because the written valuation made by those persons should be produced, or its absence accounted for; which objection was overruled by the Court.

The plaintiff then proposed to read the deposition of F. A. Manard, whose evidence was material for him; the defendants objected, on the ground that the affidavit of the materiality and non-residence of the witness, was made on the 3d of October, 1838, and the commission to take take his deposition, was dated on the 12th March, 1839. But the objection was overruled, and the deposition suffered to be read to the jury. A verdict and judgment was thereupon rendered for the plaintiff.

Wm. P. Chilton, for the plaintiff in error, made the following points among others, viz:

1. The demurrer to the declaration should have been sustained, and the plaintiff below must recover on the first count, or not at all. 1 Stew't. Rep. 12; 1 Porter's Rep. 116; 4 Porter's Rep. 502; 9 Porter's Rep. 337.

2. The plaintiff should have been compelled to join in the demurrer to evidence. 4 Porter's Rep. 405.

3. The Circuit Court should have instructed the jury that the plaintiff must prove the contract as stated, and it was irregular for that Court to assume facts as proved, and to refer to the decision of the jury, questions of law. 2 Stew't. 255; Aik. Dig. 283, sec. 134.

4. It was competent for the parties to have rescinded the contract, and substituted another in its stead; the re-delivery of the furniture was not indispensable to its abrogation.

5. The substituted contract should have been declared on, and the instruction to the jury, that the plantiff might recover for the furniture not re-delivered, though the contract was rescinded, was erroneous. If the contract was rescinded by mutual consent, and nothing was said as to the furniture, &c. they revested in the plaintiff, and he might recover them in the appropriate action, if the defendants had no lien on them.

6. The evidence of the persons who valued the furniture, was the best, and none other should have been received until the absence of their written valuation was sufficiently accounted for.

7. The deposition of Manard was not admissible; the affidavit shows that he was a non-resident when it was made, but not when the commission issued.

PRYOR, for the defendant, among other things, insisted,

1. There is no misjoinder of counts in the declaration; both are in *assumpsit*, and if either is good, the demurrer should have been overruled—that the second is good, has not been questioned. The conclusion of the first count does not show that it is in case. Howe v. Cook, 21 Wend. Rep. 29.

2. The Circuit Court properly refused to compel the plaintiff to join in the demurrer to evidence. It did not sufficiently admit the truth of the facts, and the conclusions therefrom.— 7 Porter's Rep. 423; 1 Dall. Rep. 20; 4 Cranch's Rep. 219.; 7 Cranch's Rep. 565; 11 Wheat. Rep. 320; ibid. 171; 2 Serg't & Rawle Rep. 185; 3 Pet. Rep. 36; 22 Pick. Rep. 135; 2 H. Bla. Rep. 205; Gould's Plead. ch. 9, sec. 47 to 74; Aik. Dig. 277, sec. 107.

3. It was not necessary for the plaintiff to show, that the contract stated in the first count, was made on the day alleged. Doe dem. Lowrie v. Dyeball, 8 B. and C. Rep. 70.

4. The plaintiff was entitled to recover on the second count, and the finding of the jury will, if necessary, be referred to that count; but such reference will not be necessary, for the first count was proved according to its legal effect. 2. Porter's Rep. 542; 9 Porter's Rep. 122.

5. Upon the rescission of a contract, a party who has delivered property under it, may recover its value under the appropriate common counts in *assumpsit*. 11 Wend. Rep. 237; 10 Johns. Rep. 36; 4 Wend. Rep. 285; 7 Johns. Rep. 132; McMillan v. Wallace, 3 Stew't. Rep. 185; Hunnewell v. Turner, 4 Stew't. & P. Rep. 262; Blair v. Asberry, 4 Porter's Rep. 435; Martin v. Chapman, 6 Porter's Rep. 344; Gazzam v. Kirby, 8 Porter's Rep. 253. Or he may recover on the special count, provided, that so much of that count as is proved, and shows his right to recover, is not necessarily connected

with the other parts of the contract, so that it cannot be sever-
ed.   8 B. & C. Rep. 70.

6. The Court should, if practicable, so interpret the instruc-
tions to the jury, as to make them sensible and pertinent. Row-
land v. Ladiga, 9 Porter's Rep. 488.

7. The instructions to the jury, that they should disregard
the common count, was incorrect, and cannot prejudice the
plaintiff; it may sustain the verdict.

8. The evidence offered as to the value of the furniture and
wines, was admissible; the written valuation could not have
been used; at any rate, it would not exclude other evidence.
So, the deposition of Manard was properly received; a writ-
ten oath was not necessary to have authorised the commission
to issue, but if it was, the one produced was entirely sufficient.
Boardman v. Ewing, 3 Stew't. & P. Rep. 293.

COLLIER, C. J.—It is objected to the declaration, that the
first count is in case, and the second in *assumpsit;* and it is
therefore insisted, that the demurrer should have been sustain-
ed for a misjoinder.   The first count, after setting out a parol
contract and breach, concludes as a declaration in case, and the
conclusion, it is insisted, must determine its character.   This
argument cannot be maintained. If the conclusion of the count
was stricken out, it would be good in *assumpsit;* and it may
therefore be rejected as surplusage. No other objection is made
to the first count, nor indeed can, on general demurrer, as the
second count, is confessedly good.

It has been repeatedly adjudged, that a party who intro-
duces no evidence upon a trial before the jury, as a matter of
right, may demur to the evidence of his adversary; the more
especially if the evidence demurred to, is not "loose, indefinite
or circumstantial." Such was the decision of this Court in
Alexander v. Fitzpatrick, 4 Porter's Rep. 405.   A demurrer to
the evidence admits the truth of the facts proved, together
with the conclusions fairly inferrible therefrom, and asks the
judgment of the Court as to their *legal effect.*   As it is the of-
fice of the jury to ascertain the facts, and determine what is
proved, if these are admitted upon the record, the cause may
be withdrawn from them, and the question of law arising upon

the admission, decided by the Court. Such is the purpose and effect of a demurrer to the evidence.

The law, as we have stated it, is not denied by the defendant in error, but it is insisted that the demurrer tendered, does not distinctly admit on the record, the truth of all the facts offered in evidence, and of every conclusion which the facts conduce to prove. The demurrer explicitly admits " every word, figure and statement," of the evidence which is set out *in extenso,* "to be true,"—it also admits "every conclusion that may be reasonably drawn therefrom, to be true," and refers in usual form, the legal questions to the Court. This is certainly sufficient, unless there be something in the case to show, that the demurrer is not adapted to it. The Circuit Judge states upon the record, that the demurrer truly set forth all the material evidence in the cause, but that the Court refused to compel a joinder, because the demurrer itself was deemed insufficient.

In Copeland v. New Eng. Ins. Co. 22 Pick. Rep. 135, the Court considered that where the evidence consists of written documents, or of direct positive testimony of witnesses, it may be demurred to, by stating it as it was submitted to the jury, and admitting its truth, as well as the conclusions fairly inferrible from it. "But where the evidence is circumstantial or uncertain, leaving much to inference and presumption," the Court say, " it is not easy or safe to frame a demurrer upon it, or a rejoinder thereto. It will not be sufficient to demur to the evidence generally, and leave to the Court to ascertain what it tends to prove, or what inferences may be drawn from it. But in reciting the evidence in the demurrer, the party demurring must state distinctly the facts which the evidence tends to prove, and which he thereby admits, that the Court may readily perceive the facts upon which they are to decide." Conceding that the law is correctly laid down in the case cited, and still the demurrer is sufficient. The evidence is direct and positive, and it is quite enough, after reciting it, to admit its truth as well as the conclusion deducible from it, without undertaking to particularize the facts and conclusions which are admitted.

We will not stop to inquire, whether the demurrer to the evidence should have been sustained, or whether its rejection, if it were not sustainable, would authorise a reversal of the judgment. Alexander v. Fitzpatrick, 4 Porter's Rep. 409.—

Other and more important questions, which arise in the cause, are decisive of its fate here.

In an action upon a verbal contract, *time* is considered in general as forming no material part of the issue; it is therefore allowable for the pleader to assign one time to a given fact, and prove another. But to tolerate this discrepancy between the allegation and the proof, he should lay the time under a *videlicet*, and take care that he do not lay a time that is intrinsically impossible, or inconsistent with the fact to which it relates. Step. on Plead. 292; 2 Phil. Ev. C. & H. ed. 533. In the present case, the declaration states the time when the contract was made thus, "heretofore, to wit: on the 19th day of July," &c. According to the law, as we have cited it, from very eminent elementary writers, this mode of pleading does not oblige the pleader to show, that the contract was made on the day alleged.

The Circuit Court, in the instructions to the jury, employs this language: "that if a recovery by the plaintiff on the first count in his declaration, would be a bar to a second suit on the same cause, the special contract mentioned in said first count, is substantially proved." The conclusion of this charge is clearly a *nonsequitur* from the premises laid down—it deduces a conclusion of fact from a question of law, and while the Court decides the fact hypothetically, it refers the law to the decision of the jury. To be more precise, the jury are directed to inquire, whether a recovery upon the first count would bar another action for the cause embraced by it, and if it would, the Court says the special contract, "is substantially proved." This instruction cannot be sustained, for it is erroneous in itself, as well as for the additional reason, that it makes the jury judges of law. We should have been inclined to think it probable, that the bill of exceptions was not correctly transcribed into the record, if a bill, in all respects similar to that accompanying the writ of error, had not been sent up in answer to a *certiorari*.

In pleading, the legal effect and identity of the contract should be stated, and any variance in this respect, relating to the promise or undertaking upon which the action is predicated, or the consideration thereof, will be fatal; but where a party agrees to do several things, though the declaration describe

the contract at length, yet if it allege a breach, applying only to some one of the stipulations, the plaintiff's proof should be confined to the breach stated. Where a declaration contains impertinent matter, foreign to the cause, it need not be proved; but the same remark is not universally true of immaterial averments. "An immaterial averment is one, alleging with needless particularity or unnecessary circumstances, what is material and necessary, and which might properly have been stated more generally, and without such circumstances or particulars; or in other words, it is a statement of unnecessary particulars in connection with, and as descriptive of what is material." Gould's Plead. 160, *et post.* "The rule, as limited by the more modern authorities," says Judge Gould, appears to be, that no immaterial averment requires precise proof, unless the failure of such proof would occasion a variance between the pleading and the proof: or (in different language) strict proof of such averment is not at this day necessary, unless the subject of the averment is a record—a written instrument, or as I conceive, an express contract. Inasmuch as these are in strictness, the only subjects of variance, (properly so called) when the mistake in the pleading is in a point *not in itself material.* Gould's Plead. 164.

It is certainly a correct principle, that a contract cannot be rescinded *in toto,* by one of the parties, where both of them cannot be placed in the identical situation which they occupied, and cannot stand upon the same terms as those which existed, when the contract was made. But all executory contracts may be rescinded by the parties to them, if their interest continues until the agreement to rescind is made. And a contract will be considered as rescinded, when the party who is to perform an act, has made his performance impracticable, or where he is prevented from doing the act by the other party. Chitty on Con. 573 and cases cited, 4 A. ed. Johnson v. Reed; 9 Mass. Rep. 78; see also 1 Johns. Cases, 116; 16 Mass. Rep. 161.

It has been held, that an agreement rescinded in part, is rescinded *in toto ;* and that upon a rescission, the parties are remitted to the rights to which they were entitled before the agreement was entered into. Conner v. Henderson, 15 Mass. Rep. 319; Raymond v. Beasnard, 12 Johns. Rep. 274; Griffith v. Fred. County Bank, 6 G. & Johns. Rep. 424. These decisions, however, must be understood, as declaring the law in

those cases only, where the contract is rescinded absolutely, and not *sub modo*, for it is entirely competent for the parties to rescind on terms, or under a modified contract.

In the case at bar, the declaration requires the plaintiff to show, that he was prevented from performing his part of the agreement by the refusal of the defendants to permit him, or by a failure to perform theirs. If there was a voluntary rescission of the contract by the mutual assent of the parties, and an agreement to pay the plaintiff for his services, his furniture, wines, &c., and to compensate him for any loss he sustained by its dissolution, then the plaintiff should declare upon this latter agreement—he could not give it in evidence under his declation, for it would not harmonize with its allegations. Whether the proof in the record shows such to have been the case, we will not undertake to say; we merely state the law, to show that the Court, in its charge on this point, misapprehended it.

If one party, who has paid money, or delivered goods upon a contract, which the other refuses to perform, elects in a proper case to rescind it, he may recover back his money in an action for money had and received, or his goods in detinue, or after a demand and refusal to deliver them, he may maintain an action of *Trover*, or he may waive the tort and treat the defendant as a purchaser, and recover for goods sold, &c. Chauncey, *et al.* v. Yeaton, 1 N. Hamp. Rep. 151; Hill v. Davis, 3 ib. 384; Gilmore v. Wilbur, 12 Pick. Rep. 120; Pierce v. Drake, 15 Johns. Rep. 475; M. & Mech. Bank v. Gore, 15 Mass. Rep. 79; Willson v. Foree, 6 Johns. Rep. 110; Butler v. Haight, 8 Wend. Rep. 535; Norton v. Young, 3 Greenl Rep. 30. See also Pope v. Nance, 1 Stew. Rep. 354; 4 Mass. Rep. 505.

It was also argued, that the best and only evidence (if it be attainable) of the value of the furniture, &c., is the written estimate of those who were appointed to value it. This objection is founded upon the supposition, that the evidence offered was not the best of which the fact is susceptible. True, where there is written evidence, which is itself admissible, it must in general be adduced, or its absence accounted for, in order to let in proof of an inferior grade; but the rule requiring the best evidence, does not operate to exclude proof, because it is not all, or the most satisfactory which might be adduced, where the evidence offered, and that which is withheld, is all of the same

general quality : but in such case, it in general, goes no farther than to forbid that evidence, which is in its nature, merely circumstantial, shall be received, when direct and conclusive evidence may be had. In the case before us, the written valuation would not be legal evidence ; it had not been made by the direction of the parties; it does not appear that it had been assented to by them, or communicated to them, and if there is such a paper, it can only be regarded as a mere *memoranda* of the persons valuing the property, to aid their memory, or to be handed to the parties to indicate what had been done, and to enable them to settle.

But if it was a part of the agreement between the parties, that the value of the furniture, &c., was to be ascertained by persons to be designated, and persons in obedience to the contract, were appointed for that purpose, then their evidence of the value (if it could be had,) should have been required before other proof of value was received. But if such valuation was not required by the contract, or was not assented to by the partie s, as fixing the sum which the plaintiff in error was to pay, it would be of no higher grade, than evidence founded on the judgment or opinion of other witnesses; and consequently, would not exclude all other parol proof.

It is provided by the 11th section of the act of 1807, " concerning witnesses," that a commission shall issue to take the testimony of a witness in any cause pending in a Court of this State, upon oath being made, that such witness resides out of the State. It is argued for the plaintiffs in error, that the issuance of the commission must immediately follow the oath, and that five months, the period which elapsed before the commission issued, was too long. If the commission issued upon a suggestion, that the witness was about to leave the State, or was incapable of attending Court, by reason of bodily infirmity, or other cause, then the argument would be entitled to great consideration. In such case, we incline to think that it should be shown that the witness was still absent from the State, or incapable of attending Court. But where a deposition is taken upon an oath being made, that the witness resides out of the State, his non-residence will (when the deposition is offered as evidence,) be presumed at any distance of time. It would then seem, upon principle, that an affidavit that a witness resides

out of the State made after suit brought, will authorise a commission to issue any time before trial, to take his testimony; in the absence of proof to the contrary, his continued non-residence will be presumed.

The record presents many other points than those noticed, but the principles decided, it is believed cover them all, and will lead to a decision of the cause on its merits. The cause comes up in an exceedingly confused state. The bill of exceptions, which is almost unintelligible, presents the same question in several different forms ; and charges, founded upon the same principle are several times asked and refused, and others perhaps several times given.

We have stated several errors in the proceedings of the Circuit Court, for which the judgment should be reversed. There are perhaps others which may be discovered by a comparison of this opinion with the points raised, but which we shall not stop to particularize.

judgment is reversed, and the cause remanded.