## SPARKS vs. RAWLS.

1. Where a written instrument, if produced, could not be received as evidence of the matter to which it relates, parol proof of the same fact is competent testimony.

2. When goods in the possession of one who claims them by purchase are levied on to satisfy a debt due from the alleged vendor, proof of the existence of the debt before the transfer of the goods repels the *prima facie* presumption of ownership which possession raises, and casts on the claimant the burden of showing that his purchase was founded on valuable consideration.

Error to the Circuit Court of Tallapoosa. Tried before the Hon. John J. Woodward.

FALKNER, for the plaintiff:

1. The court erred in excluding the evidence about the invoice, or rather the value of the goods, as deposed to by the witness, merely refering to the invoice as a circumstance which fixed in his mind the value of the goods. This was a fact within the knowledge of the witness, and was not proving the contents of a *written* instrument by parol.

2. The possession of property is *prima facie* evidence of title, and fraud cannot be presumed in the absence of proof. Proof showing that plaintiff purchased the goods from Starke, the defendant in attachment, did not raise any presumption of fraud, it not being shown that plaintiff knew of any indebtness of said Starke, and there being no proof of his insolvency or being in failing circumstances. In fact, there was proof to rebut the presumption which the law raises of the *bona fides* of the transaction. This position is supported by the general principle in all the elementary books, that every man is presumed to be innocent until the contrary is proven.—See Oden v. Rippetoe, 4 Ala. 68; Jones v. Norris, 2 Ala. 526. When the plaintiff proved the possession of the goods, the taking, and the value, he had made out his case, and the mere fact that the goods were purchased by him from Starke, the defendant in attachment, did not raise the question of fraud. To raise the question, it was necessary to prove that Starke was in failing circumstances, was insolvent or was indebted to the plaintiff in attachment, or

intended to defraud his creditors, and that the fact was known to plaintiff—none of which facts were proven. The action of the Circuit Court in refusing the charge asked, and also in the charge given, cannot be sustained.—See Simons et al. v. White, 8 Ala. 656, and the cases above cited ; 4 Ala. 68; 2 ib. 526.

LEFTWICH, for defendant.

DARGAN, C. J.—This was an action of trespass brought by the plaintiff against the defendant, who as sheriff had levied certain attachments, issued against one Starke, on the goods which at the time of the levy were in the possession of the plaintiff. The sheriff justified the taking on the ground that the goods were the property of Starke and liable to be attached as his property. On the trial the plaintiff introduced a witness who testified that the plaintiff was in the possession of the goods at the time of the levy, and that he, the witness, was selling them as his clerk ; that some time previous to the levy an invoice had been taken of the goods, which amounted to about five hundred and eighty dollars, and that the goods were valued at Charleston prices, and were worth fifty per cent. more in this market than the invoice price. On the cross-examination of this witness, it appeared that the invoice spoken of was reduced to writing and thereupon the defendant moved the court to exclude all the evidence in relation to the value of the goods. The court excluded the evidence and the plaintiff excepted. The general rule is that oral proof cannot be substituted for the written evidence of any contract or fact which the parties have reduced to writing and which is essential to the cause of action; nor can the contents of a written instrument be proved by oral evidence, although it relate to some collateral fact, when the object of such evidence is to establish the contents of the written instrument itself.—Greenl. Ev. vol. 1, §§ 87-'8; Smith v. Armistead, 7 Ala. 699. In such cases the writing itself is the best evidence, and a party wishing to establish the facts contained in the instrument by oral evidence must show a sufficient excuse for not producing the instrument itself. But if the matter to which the writing relates can be proved independent of it, and the instrument itself could not be received as evidence, when produced, of the transaction or matter to which it relates, then parol proof must be received to establish the facts, although

such facts may have been reduced to writing. The invoice of the goods, if produced, would not have been evidence within itself of the value of the goods. The act of making it was entirely *ex parte*, not binding on the defendant, nor could it be received as evidence against him. It could have served no purpose whatever when produced, unless as a mere memorandum it might have refreshed the memory of the witness; but he was entirely competent to testify as to the value of the goods, whether he had made an invoice of them or not, and his testimony as to their value was improperly rejected. In the case of Pharr & Beck v. Bachelor, 3 Ala. 237, some furniture and wine had been valued by one Burton as the agent of the defendant, who made a schedule in writing of the valuation. A question having arisen as to the value, Burton was introduced to prove it, and his testimony was objected to on the ground that the valuation he had made in writing was the best evidence. The objection was overruled and this court said that the written valuation if produced would not be legal evidence, and could only be regarded as a written memorandum to aid the memory of the witness. It is very clear that the court erred in rejecting the testimony of the witness.

2. After the plaintiff had introduced proof to show that he was in the possession of the goods at the time of the levy, the defendant proved that a short time before the levy they were the property of the defendant in the attachment, and there was also proof tending to show a sale of the goods to the plaintiff, but there was no proof whatever to show that he had paid or had agreed to pay any consideration or price for them. The plaintiff requested the court to charge the jury that if they were satisfied from the proof that the goods were in the possession of the plaintiff at the time of the levy, that unless the proof showed there was fraud in the transaction, the law presumed it fair and founded on a valuable consideration. This charge the court refused, and charged that if they believed that the debts existed anterior to the transfer of the goods, they were liable to the levy of the attachment, unless the plaintiff had shown that he paid a valuable consideration for them. It is true that the possession of goods is *prima facie* evidence of ownership, but when they are levied on to satisfy a debt of the original owner, proof of the debt before the transfer and his ownership repels this

*prima facie* presumption, and the burthen is on the party claiming them to show that he has fairly bought and paid a valuable consideration for them. There is no error in the charge of the court, but for the error we have noticed the judgment must be reversed and the cause remanded.