## LUNDIE vs. COSPER.

1. Defendant having goods at A, contracted with plaintiff for the hauling of them to his house in Randolph county. Plaintiff agreed to start for the goods, with his wagons, on Sunday, but did not start until the following Tuesday. On arriving at A, he was informed, by the receiving and forwarding agent, that defendant's goods had been sent off ten days previously, and that he then had no goods at that place. Plaintiff brought assumpsit on the contract, and *it was held:*

   1. That the agent's statement, as to defendant's goods having been sent off ten days previously, was inadmissible, since it related to a past fact having no connection with the *res. gestae.*
   2. That his statement that defendant then had no goods at A, was admissible, as showing an excuse for not complying with the order of his principal.
   3. That plaintiff was not justified in failing to start on the stipulated day, by the previous removal or shipment of the goods of which he had no notice; and that a charge which asserted the contrary was erroneous.

ERROR to the Circuit Court of Randolph.

Tried before the Hon. E. Pickens.

WHITE & PARSONS, for Plaintiff in error.

1. It is admitted, that the declarations of an agent which constitute a part of the *res gestae* are admissible; but this is the case *only*, "where the representation or statement of the agent is the *ultimate* fact to be proved, *and not an admission of some other fact.*" See 1 Greenl. Ev. § 113. Here the fact to be proven was, the failure or refusal of the rail road agent to deliver the goods when called for by the wagoner. If it is conceded this could be done by proving his declarations, it does not follow they are admissible to show what took place "ten days" before, because it did not constitute any part of his present act, and was not the *ultimate fact* to which the law refers. Bank of Baltimore v. Bateman, 7 Har. & Johns. 104. An agent is authorized to *act*, but he has no authority *to make confessions* after he has acted. See Mogill v. Kauffman, 4 Ser. & Rawle 317, 321. What was this, but a *confession* by the agent, that "he had sent off the goods ten days ago," instead of keeping them for Lundie's "own wagons," as he had been instructed? 7 Ala. 835.

2. The record sets out *all* the evidence; and it is evident the performance of this contract was to be commenced on Sunday. This is expressly forbidden by our statutes (see Clay's Digest 592 § 1, 593 § 2) under a penalty. It is a well established principle of law, that all *contracts contrary* to the *provisions* of *any statute are void.* Collins v. Blantern, 2 Wilson 374; Saltmarsh v. Tuthill, 13 Ala. 390; 10 ib. 566; 5 ib. 467; 11 ib. 885; 9 ib. 198. The charge excepted to is erroneous therefore, because it assumes that any recovery can be had under this contract. It is void, and the court should have instructed the jury accordingly.

3. But the charge is objectionable for other reasons. The rail road agent was instructed to retain the goods for Lundie's "own wagons," but he sent them off, *without his knowledge or consent*, ten days before Cosper reached there. This was an unauthorized act, which Lundie never ratified, yet the court tells the jury that he is liable, or assumes that he is, if the goods were thus sent off, &c. This was well calculated to mislead the jury, if it was not positively erroneous, and therefore the cause should be reversed. Cothran v. Moore, 1 Ala. 423.

4. This act being unauthorized by Lundie, it cannot be said he has put it out of his own power to perform the contract on his part; neither has he violated it first. The court therefore erred again, in assuming that Lundie is liable to Cosper, notwithstanding the failure of the latter to comply with the contract on his part.

HEFLIN, *contra;*

The consignment of the goods of plaintiff in error to the agent of the transportation department of the Georgia Rail Road Company at Atlanta, constituted him the agent of Lundie, especially in connection with the contract with Cosper, as shown by the bill of exceptions; such an agency is not different from any other agency. Story on Bailment, § 444.

The refusal of the agent to deliver the goods to Cosper, was an act, and his declaration, at the time of his failure or refusal to deliver the goods, was part of the *res gestae*; his acts and declarations, concerning business within the scope of his agency, are admissible in evidence against his principal. Story on Agency, § 134, 135, 136, 137; 1 Greenl. Ev. § 113, 114.

The decision of the Circuit Court was correct, even had the plaintiff's affidavit not been filed; but the filing of the affidavit prevented the operation of the statute of 1807. Clay's Digest, page 325, § 75. The decisions under this statute have not been uniform. Howard v. Wear, Minor Rep. 84; Curtis v. Gary, 118; Carter v. Dade, 1 S. Rep. 18. But none of them decide that the plaintiff shall be nonsuited, when the affidavit required by the statute is made, which was done in this case.

CHILTON, J.—This was an action of assumpsit, brought by Cosper against Lundie, to recover upon a contract, by which Cosper undertook to haul from Atlanta, Georgia, five thousand five hundred pounds of goods, wares and merchandize, to the store of Lundie, in Randolph county, at the price of one dollar per hundred pounds. There was a verdict and judgment for the plaintiff in the court below.

It appears from the bill of exceptions, that there was evidence conducing to prove that Lundie, having goods, &c., at Atlanta, employed Cosper to haul the same at one dollar per one hundred pounds, and that one of the terms of the contract was, that the latter should start with his wagons for the

goods on Sunday after the contract was made, but that he failed to start either on that day or the succeeding day; that he, however, started on the Tuesday following, and when he arrived at Atlanta was informed by the receiving and forwarding agent at that place, that Lundie had no goods there, and that they had been forwarded to him ten days previous to that time. This appears to have been done contrary to the instructions of Lundie, and on the agent's own responsibility.

What the agent said, as to the goods having been shipped ten days before they were called for by Cosper, was objected to by the plaintiff in error, but allowed by the court.

The jury were instructed, that if Cosper agreed to start on a particular day, and did not do it, but did start on a day subsequent, and that if the goods had been sent off by the agent, so that the plaintiff could not have obtained them by starting at the time agreed on, the defendant would be liable to the plaintiff for such damages as he had sustained by not obtaining the goods to haul, &c.

We are of opinion that the court mistook the law, both in the admission of the declaration of the agent, or warehouse man, that the goods had been shipped ten days before, and in the charge given to the jury.

The agent's admission, or declaration, related to a *past fact*, with which it had no connection, was not made in pursuance of any authority from the constituent, nor connected with any authorized act as explanatory of it, so as to constitute part of the *res gestae*. 1 Greenl. Ev. § 113; Williams v. Hackelford, 16 Ala. Rep. 318; 24 Eng. C. L. Rep. 112; 5 ib. 454; 17 ib. 133; 24 ib. 353; 28 ib. 273. In this case, the agent's reply to the party presenting the order for the goods, that there were none there belonging to Lundie, was admissible; for that was a part of the transaction, and necessary in order to show his failure to comply with the order of the principal; but that portion of his declarations, relating to a transaction which had taken place ten days before, is not evidence to prove the past fact to which they relate. They constitute hearsay evidence merely, and as such, were improperly received by the court below.

The charge of the court cannot be supported, because it

Lundie v. Cosper.

assumes that the plaintiff below was justified in violating his contract to start on a particular day, by reason of the removal, or previous shipment, of the goods of Lundie, when it appears that he was not informed of such shipment, and could not, therefore, have made it the ground of his non-compliance, and when, if he had started with his wagons on the day agreed upon, *non constat*, Lundie might have procured freight. As we understand the contract, Lundie was to furnish five thousand five hundred pounds ·freight, to be hauled by the plaintiff from Atlanta to defendant's house, in Randolph county, and this freight was to consist of goods, wares and merchandize. Lundie was not bound to furnish the goods which he had bought at Charleston, or any other designated goods which Cosper was to freight, but he could have purchased them on the day of the arrival of the wagons, and had them ready for shipment, and thus have complied with his contract. So that it is clear, the previous shipment of the goods, even had the fact been known to Cosper, would not have justified a violation, on his part, of the contract. We cannot *judicially* know that Lundie would not have had the amount of freight agreed on at Atlanta, had Cosper started on the day he agreed to start for it; and if the contract was, as the charge assumes, and as the evidence conduced to prove, that Cosper was to start for it on Sunday, and he refused to start until Tuesday, he was the first to violate the contract, and this justified Lundie in abandoning it on his part. See Greene v. Linton, 7 Por. 133; Martin v. Chapman, 6 Por. 344; Davis v. Wade, 4 Ala. Rep. 208; Pharr & Beck v. Batchelor, 3 Ala. Rep. 237.

These views are sufficient to guide the primary court in the future progress of the cause, and show that the judgment must be reversed and the cause remanded.