## O'NEAL vs. BROWN.

1. A witness may testify to the value of certain goods conveyed by deed of assignment, although he had made out a written invoice or schedule of the goods six or seven weeks previously to the assignment.
2. The schedule, if produced, would not be evidence of the value of the goods at the time of the assignment.

ERROR to the Circuit Court of Tuskaloosa.

Tried before the Hon. George D. Shortridge.

This was an action of trespass against the defendant, who was a Marshal of the United States, for levying on a certain stock of goods, which the plaintiff claimed under a deed of assignment executed to him by Theron Brown on the 10th

May, 1845. "To prove, among other things, the amount of the assets included in said deed of assignment, the plaintiff introduced one Perkins as a witness, who stated that he was the clerk of the said Theron Brown before the said assignment, and of the plaintiff afterwards; that no schedule or invoice of the effects assigned was made at the time, but that one was made on the first day of April before, and that he had the same in town, and was proceeding to state the amount of the same, when the defendant's counsel objected, and insisted that the said schedule or invoice should be produced, as better evidence than the recollection of the witness. The court overruled the objection, and the defendant excepted."

E. W. PECK, for plaintiff in error.

1. The inventory was better evidence than the recollection of the witness, and it should have been produced, or the witness should not have been permitted to speak of the amount of said inventory. 1 Greenl. on Ev. § 82 to 88; 3 Porter, 433.

2. Parol evidence is not admissible, if there is written evidence to the same point within the power of the party offering it. Cloud v. Patterson, 1 Stewart, 394. A witness cannot testify to the amount of a record, or any written instrument, unless its absence is accounted for. 2 Miss. Rep. 198; 2 U. S. Dig. par. 262 § 1322; 4 N. Hamp. 169.

P. & J. L. MARTIN and WATTS, JUDGE & JACKSON, contra.

It was unnecessary to produce the memorandum; the memory of the witness was just as competent as the memorandum. 1 Green. on Ev. § 88 to 95. If a party can speak of his own knowledge, there is no necessity to produce a receipt in writing, though one exist. Johnson v. Cunningham, 1 Ala. 249; P. & M. Bank v. Borland, 5 Ala. 531.

DARGAN, C. J.—The object of introducing the testimony of the witness Perkins was, to prove the value of the effects that were conveyed by the deed of assignment, and not to prove the simple amount set down in the schedule or invoice that he had made before the assignment was executed. If the latter had been the object of the testimony, that is, if the witness had been called to prove the amount or value of the

goods, as contained in the schedule itself, then the schedule would have been the best evidence of its own contents. But it is very clear that this schedule, if produced, would not have been evidence of the value of the goods conveyed by the deed. It was a mere *ex parte* memorandum, and could be evidence of nothing, except to prove its own contents, if that had been the object of the inquiry. But as that was not the point of inquiry, it could have served no purpose to produce it, for when produced, so far from being the best evidence to prove the fact in issue, it would not have been evidence at all. The ruling of the court below is free from error, as is shown by the decisions of this court. Pharr & Beck v. Bachelor, 3 Ala. 237; Sparks v. Rawls, 17 Ala. 211.

Let the judgment be affirmed.